UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LISA M. BARNES,

                            Plaintiff,

                v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                            Defendant.
_____

**DECISION
and
ORDER**

**19-CV-413F**
(**consent**)

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER, PLLC
                          Attorneys for Plaintiff
                          KENNETH R. HILLER, and
                          KELLY ELIZABETH LAGA-SCIANDRA, of Counsel
                          6000 North Bailey Avenue
                          Suite 1A
                          Amherst, New York  14226

                          JAMES P. KENNEDY, JR.
                          UNITED STATES ATTORNEY
                          Attorney for Defendant
                          Federal Centre
                          138 Delaware Avenue
                          Buffalo, New York  14202
                                  and
                          NOAH MICHAEL SCHABACKER, and
                          MICHAEL ARLEN THOMAS
                          Special Assistant United States Attorneys, of Counsel
                          Social Security Administration
                          Office of General Counsel
                          1961 Stout Street
                          Suite 4169
                          Denver, Colorado  80294

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On April 7, 2020, this matter was assigned to the undersigned before whom the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this court's June 29, 2018 Standing Order (Dkt. 17). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on September 11, 2019 (Dkt. 9), and by Defendant on November 15, 2019 (Dkt. 12).

## BACKGROUND

Plaintiff Lisa M. Barnes ("Plaintiff"), brings this action under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on September 19, 2015, for Social Security Disability Insurance ("SSDI") under Title II of the Act ("disability benefits"). Plaintiff alleges she became disabled on March 7, 2015, based on depression, attention deficit hyperactivity disorder ("ADHD"), left knee injury, anticipated right knee injury, neck injury, and anxiety. AR[2] at 304, 334, 335. Plaintiff's applications initially were denied on January 15, 2016, AR at 232-49, and at Plaintiff's timely request, AR at 252-53, 270-71, on February 15, 2018, a hearing was held in Buffalo, New York before administrative law judge Stephen Cordovani ("the ALJ"). AR at 185-231 ("administrative hearing"). Appearing and testifying at the administrative hearing were Plaintiff, represented by Kelly Laga-Sciandra, Esq. ("Laga-Sciandra"), and vocational expert Timothy Janikowski ("the VE").

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on June 25, 2019 (Dkt. 4).

On April 4, 2018, the ALJ issued a decision denying Plaintiff's claim, AR at 42-63 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council.  AR at 301-02.  On February 1, 2019, the Appeals Council denied Plaintiff's request for review, AR at 1-7, rendering the ALJ's Decision the Commissioner's final decision.  On March 28, 2019, Plaintiff commenced the instant action seeking review of the ALJ's Decision.

On September 11, 2019, Plaintiff moved for judgment on the pleadings (Dkt. 9) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 9-1) ("Plaintiff's Memorandum").  On November 15, 2019, Defendant moved for judgment on the pleadings (Dkt. 12) ("Defendant's Motion"), attaching Defendant's Brief in Support of the Defendant's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Standing Order on Social Security Cases (Dkt. 12-1) ("Defendant's Memorandum").  Filed on December 11, 2019, was Plaintiff's Response to the Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 16) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff Lisa M. Barnes ("Plaintiff" or "Barnes"), born July 1, 1967, was 47 years old as of March 7, 2015, her alleged disability onset date ("DOD"), and 50 years old as of April 4, 2018, the date of the ALJ's Decision.  AR at 57, 59, 304, 325.  As of the

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

February 15, 2018 administrative hearing, Plaintiff has two children, one who is an adult, and lived with her ex-boyfriend, her teen-age son and her five-year old grandson of whom Plaintiff has custody, in a single-story house.  AR at 191-92, 215, 347-48, 728. Plaintiff attended high school in regular classes and graduated, but has not completed any type of specialized job training, trade, or vocational school.  AR at 194, 197, 236. Plaintiff's past relevant work experience includes as a pharmacy technician and as a waitress.  AR at 224, 336, 379.  Plaintiff has a driver's license and drives about an hour a day, dropping off and picking up her grandson from school, grocery shopping, and to medical appointments.  AR at 191-92.  Plaintiff did not drive for one month following neck surgery.  AR at 206-07.

Prior to her asserted date of disability, Plaintiff was going to the gym to walk but stopped because her knee buckled after an hour of walking.  AR at 202, 205, 348. Plaintiff can lift a gallon of milk, AR at 205, and is able to lift her 46-lb. grandson but tries not to.  AR at 206, 218.  Plaintiff can clean, sweep with a broom, and "tidy up," wipe down counters, and does dishes, AR at 212-13, 217, and helps her grandson by setting out his clothes, helping with homework, supervising his school work, and preparing his lunches and breakfast, although her ex-boyfriend prepares dinners.  AR at 213, 215, 350.  Plaintiff's ex-boyfriend does laundry which Plaintiff folds.  AR at 215-16, 349. Plaintiff socializes by attending parties, going out for drinks with friends, and shopping with her sister.  AR at 214.

Plaintiff largely attributes her physical impairments to neck and knee injuries she sustained in an automobile accident on December 9, 2014 ("the accident").  AR at 567. For repair of a torn meniscus and synovitis, on July 16, 2015, Plaintiff underwent left

knee arthroscopy and partial medical meniscectomy performed by orthopedist Graham

R. Huckell, M.D. ("Dr. Huckell").  AR at 496-98.  On February 2, 2017, Dr. Huckell

performed additional arthroscopy and partial lateral meniscectomy on Plaintiff's left

knee.  AR at 874-77.  On August 14, 2015, underwent anterior cervical discectomy and

fusion ("ACDF") at C4-C6 performed by spinal surgeon Zair Fishkin, M.D., Ph.D. ("Dr.

Fishkin").  AR at 462-72.  Beginning August 1, 2014, Plaintiff sought treatment at Dent

Neurological Institute ("Dent"), for decreased attention and concentration as well as

depression, conditions for which Plaintiff continued to seek treatment after the accident.

AR at 454-59, 724-61, 820-24.  For her mental impairments, Plaintiff takes Propranolol

(anti-anxiety), Wellbutrin (antidepressant), Adderall (ADHD), and Deplin (folate

deficiency), AR at 219, and Focalin (concentration), AR at 458, but only takes over-the-

counter Advil for her physical pain.  AR at 222.  Between March 9, 2015 and November

4, 2015, Plaintiff attended physical therapy for her Sports Physical Therapy of New

York, PC ("Sports PT").  AR at 576-660.  In connection with her disability benefits

application, on November 30, 2015, Plaintiff underwent a psychiatric evaluation by

psychologist Susan Santarpia, Ph.D. ("Dr. Santarpia"), AR at 688-91, and an internal

medicine examination by Hongbiao Liu, M.D. ("Dr. Liu").  AR at 692-94.

## DISCUSSION

1.    **Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability

benefits when she is unable "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which . . . has lasted or can

be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

2.       **Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of

performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, the ALJ found Plaintiff met the insured status requirement for SSDI through December 31, 2018, AR at 47, has not engaged in substantial gainful activity ("SGA") since March 7, 2015, her alleged disability onset date, *id.*, and suffers from the severe impairments of bilateral knee disorders, degenerative joint disease of the cervical spine with status-post anterior cervical discectomy and fusion ("ACDF") at C4-C6, left hip disorder, and headaches, AR at 47-48, and medically determinable mental impairments of depression, anxiety disorder, and attention deficit disorder ("ADD"), which do not cause more than a minimal limitation of Plaintiff's ability to perform basic mental work activities and are therefore non-severe,[5] AR at 48-49, but

---

[5] "An impairment is not severe if it does not significantly limit [a claimant's] physical or mental abilities to do basic work activities."  20 C.F.R. § 404.1521(a).

that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.* at 50.  Despite her impairments, the ALJ found Plaintiff retains the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), except that Plaintiff can frequently climb ramps and stairs, and balance, occasionally kneel, crouch, crawl, squat, and bend, but can never climb ladders, ropes, or scaffolds, must avoid work on uneven ground and overhead work, and can continuously stand and walk up to one hour, and must avoid exposure to loud noise, unprotected heights, and dangerous moving mechanical parts.  AR at 51-57.  Plaintiff is unable to perform any PRW, yet given Plaintiff's RFC, age, high school education and ability to communicate in English, Plaintiff can perform jobs that exist in significant numbers in the national economy including cashier, office helper, and cafeteria attendant.  *Id.* at 57-58.  Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act.  *Id.* at 58.

Plaintiff does not contest the ALJ's findings with regard to the first step of the five-step analysis, but argues that at the second step, the ALJ erred by failing to find Plaintiff's mental health impairments are severe, Plaintiff's Memorandum at 19-24, and subsequently erred at the fourth step in evaluating Plaintiff's subjective symptoms and credibility.  *Id.* at 24-27.  Defendant argues substantial evidence supports the ALJ's evaluation of Plaintiff's severe impairments, Defendant's Memorandum at 5-7, as well as the ALJ's RFC finding.  *Id.* at 7-9.  In further support of her motion, Plaintiff reiterates that the ALJ failed to find Plaintiff's mental impairments are severe, Plaintiff's Reply at 1-5, and the ALJ's credibility determination is not supported by substantial evidence.  *Id.* at 6-7.  Plaintiff's arguments are without merit.

With regard to Plaintiff's argument that at step two of the five-step analysis that the ALJ improperly found her psychiatric impairments are not severe, Plaintiff attributes the step two finding to a "gross mischaracterization of Plaintiff's medical evidence and testimony."  Plaintiff's Memorandum at 19-24.  In opposition, Defendant argues Plaintiff's argument is based on the ALJ's failure to reconcile conflicting evidence to reach Plaintiff's preferred conclusion, Defendant's Memorandum at 6, and that even if the ALJ erroneously determined Plaintiff's psychiatric impairments are not severe, such error is harmless because the ALJ included consideration of Plaintiff's psychiatric impairments in addressing the remaining three steps of the sequential evaluation process.  *Id.* at 6-7.  In further support of her argument, Plaintiff maintains the error was not harmless where the ALJ fails to incorporate nonsevere mental impairments in formulating a claimant's RFC.  Plaintiff's Reply at 4-5.  Even assuming, *arguendo*, the ALJ erred at step two in failing to find Plaintiff's psychiatric impairment to be a severe impairment, such error was harmless.

Specifically, the record establishes that in proceeding through the five-step sequential analysis, the ALJ included the symptoms of Plaintiff's psychiatric impairments in assessing Plaintiff's RFC.  AR at 51 (ALJ considering Plaintiff's hearing testimony regarding migraine headaches, fatigue, sleep disruption, 2-3 episodes of panic and anxiety per month, and difficulty focusing and maintaining attention); 52 (considering Plaintiff's reports that her mental impairments cause symptoms of variable moods, irritability, decreased energy, social isolation, confusion, insomnia, distractibility, and memory deficits which Plaintiff maintains interferes with performing activities of daily living), 53 ("despite the claimant's alleged mental complaints, she is prescribed

medication from her primary care physician and has not followed up on a referral for counseling."), and *id.* ("while [Plaintiff] reports cognitive difficulties, she continues to score in the normal range of cognitive assessment" and reports her prescribed medication for ADD is effective).  That the ALJ did not assess any work limitations to Plaintiff's mental impairments only establishes the ALJ did not determine the Plaintiff's mental impairments resulted in any diminished ability to work.  *See Goettel v. Comm'r of Soc. Sec.*, 2019 WL 6037169, at *6 (W.D.N.Y. Nov. 14, 2019) (holding where ALJ at step four specifically considered evidence in the record pertaining to the plaintiff's mental impairments which the ALJ found at step two to be non-severe, the ALJ did not err in finding such impairments did not negatively impact Plaintiff's ability to perform the basic mental demands of work).  Accordingly, even if the ALJ's determination at step two that Plaintiff's psychiatric impairments are not severe is erroneous, such error was harmless because the ALJ considered the effect of such impairments in determining Plaintiff's RFC.

Nor did the ALJ fail to properly evaluate Plaintiff's credibility with regard to Plaintiff's subjective symptoms as Plaintiff alleges.  Plaintiff's Memorandum at 24-27; Plaintiff's Reply at 6-7.  According to Plaintiff, the ALJ mischaracterized Plaintiff's activities of daily living by referencing activities in which Plaintiff maintains she no longer participates, and failed to consider that Plaintiff often receives help with daily activities, Plaintiff's Memorandum at 25-26, and failed to consider the factors set forth in Social

Security Ruling[6] 16-3p ("SSR 16-3p"),[7] as required.  *Id.* at 27-28.  In opposition,
Defendant argues the ALJ followed SSR 16-3p in analyzing whether Plaintiff's
subjective symptoms are consistent with the objective medical evidence and other
evidence of record.

It is the function of the ALJ, not the court, to evaluate a plaintiff's subjective
complaints relating to her pain, ability to lift, fatigue, anxiety, and concentration as
Plaintiff alleges, in light of the objective medical evidence and other evidence of record.
*See Tankisi v. Commissioner of Social Security*, 521 Fed. Appx. 29, 35 (2d Cir. 2013).
Pain or other symptoms may be important factors contributing to a disability claimant's
functional loss and affects a claimant's ability to perform basic work activities where
relevant medical signs or laboratory findings show the existence of a medically
determinable impairment that could "reasonably" be expected to cause the associated
pain or other symptoms.  20 C.F.R. § 404.1529(c)(3).  "A claimant's testimony is entitled
to considerable weight when it is consistent with and supported by objective medical
evidence demonstrating that the claimant has a medical impairment which one could
reasonably anticipate would produce such symptoms."  *Hall v. Astrue*, 677 F.Supp.2d
617, 630 (W.D.N.Y. 2009) (citing *Latham v. Commissioner of Social Security*, 2009 WL

---

[6] Social Security Rulings are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration. Such rulings represent precedent final opinions and orders and statements of policy and interpretations that [the SSA] ha[s] adopted." 20 C.F.R. § 402.35(b)(1).

[7] In 2016, the Commissioner rescinded SSR 96-7p, replacing it with SSR 16-3p which eliminated the term "credibility" from "sub-regulatory policy," replacing the term "credibility" with "consistent with the objective medical evidence and other evidence of record," thereby clarifying that "subjective symptom evaluation is not an examination of an individual's character."  SSR 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017). Nevertheless, "'[t]he standard for evaluating subjective symptoms has not changed in the regulations. Rather, the term 'credibility' is no longer used.'"  *Robert R. v. Saul*, 2019 WL 4183569, at *11 n. 3 (W.D.N.Y. Sept. 4, 2019) (quoting *Debra N. v. Comm'r of Soc. Sec.*, 2019 WL 1369358 at *7, n. 9 (N.D.N.Y. Mar. 26, 2019)).

1605414, at *15 (N.D.N.Y. 2009)).  Nevertheless, that ALJ "is not require[d] to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citing *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979)).  Further, "'[b]ecause the ALJ has the benefit of directly observing a claimant's demeanor and other indicia of credibility, his decision to discredit subjective testimony is entitled to deference and may not be disturbed on review if his disability determination is supported by substantial evidence.'"  *Simmons v. Comm'r of Soc. Sec.*, 2020 WL 4597316, at *5 (W.D.N.Y. Aug. 10, 2020) (quoting *Baker ex rel. Baker v. Berryhill*, 2018 WL 1173782, at *5 (W.D.N.Y. Mar. 6, 2018) (internal quotation marks omitted)).  *See Cage v. Comm'r of Soc. Sec.*, 692 F.2d 118, 127 (2d Cir. 2012) (reviewing court must "defer to the Commissioner's resolution of conflicting evidence.").  Moreover, under such deferential standard of review applicable to a district court's review of an ALJ's determination of a social security disability claim, substantial evidence in the record may support two contrary rulings.  *See McIntyre v. Colvin*, 758 F.3d 146, 148 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.").

SSR 16-3p requires that an ALJ, when analyzing subjective symptoms, consider the factors set forth in 20 C.F.R. § 416.929(c), including (1) a claimant's daily activities; (2) the location, duration, frequency, and intensity of subjective symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to relieve symptoms; (5) other treatment for relief of symptoms; (6) any measures used to relieve symptoms; and (7) other factors

13

concerning a claimant's functional limitations and restrictions attributable to pain or other subjective symptoms such as pain, lifting ability, fatigue, anxiety, and concentration.  SSR 16-3p; 20 C.F.R. § 416.929(c)(3)(i)-(vii).  In the instant case, the ALJ considered each of these factors in finding the effects of Plaintiff's subjective symptoms on her RFC were not disabling.

Specifically, with regard to Plaintiff's activities of daily living, although Plaintiff maintains she has difficulty bending, lifting, walking, and cannot kneel, AR at 351, Plaintiff also testified she is able to lift her 46 lb. grandson, AR at 206, 218, and contrary to Plaintiff's hearing testimony that she does not go to the gym, AR at 205, on April 25, 2016, Plaintiff reported to her physical therapist that she exercised regularly at a gym, AR at 781-82, and June 29, 2019, Plaintiff was reported as having a gym membership and exercising.  AR at 727-29.  Although Plaintiff reports cognitive difficulties, the ALJ found Plaintiff's cognitive assessment scores are within the normal range, AR at 53 (citing AR at 456), and Focalin was reported as effective for Plaintiff's ADHD.  AR at 53 (citing AR at 458).  The ALJ also found the limitations attributed to Plaintiff's musculoskeletal complaints are not supported by the record.  In particular, during physical therapy at Sports PT for her cervical spine impairment, Plaintiff repeatedly exhibited only mildly restricted range of motion and normal or slightly decreased strength, bilaterally.  AR at 582, 592, 616).  Despite some decreased sensation and strength in her left knee following the two arthroscopic procedures, Plaintiff had full range of motion of her left knee.  AR at 54 (citing AR as 765).  Further, the ALJ's consideration of Plaintiff's symptoms is consistent with the consultative psychiatric opinion of Dr. Santarpia to which the ALJ gave "great weight," AR at 55, and the

consultative internal medicine opinion of Dr. Liu to which the ALJ gave "significant weight."  AR at 56.

As relevant here, Dr. Santarpia's examination of Plaintiff was largely unremarkable with Dr. Santaria finding only a "mild impairment is demonstrated in performing complex tasks independently.  Difficulties caused by stressors, including financial considerations.  AR at 689, 690.  Dr. Santarpia diagnosed Plaintiff with ADHD "by history," "other specified depressive disorder, by history," and "adjustment disorder with anxious mood," and further concluded the results of Plaintiff's evaluation, although "consistent with psychiatric problems," do not "appear to be significant enough to interfere with the claimant's ability to function on a daily basis."  AR at 691.

With regard to Plaintiff's complaints pertaining to her physical impairments, Dr. Liu's examination of Plaintiff was largely unremarkable except for some decreased range of motion in her cervical and lumbar spines, AR at 694, and Dr. Liu diagnosed Plaintiff with whole body joint pain, anxiety and depression, and migraine headaches, assessing Plaintiff's prognosis as "stable," and that Plaintiff "has mild to moderate limitations for prolonged walking, bending and kneeling."  AR at 695.  The ALJ incorporated the opinions of both Dr. Santarpia and Dr. Liu into his RFC assessment with Plaintiff limited to light work.  AR at 51.

Further, the ALJ did not err insofar as little weight was given to the opinions of Plaintiff's treating sources at Pinnacle including Dr. Huckell and Dr. Fishkin because such opinions do not provide any function-by-function limitations regarding Plaintiff's ability to perform work-related activities.  AR at 55 (citing AR at 494 (assessing Plaintiff on March 7, 2015 as "temporarily disabled with respect to her left knee"), 834 and 904

(assessing Plaintiff on June 15, 2016, and October 24, 2017 as "temporarily disabled with respect to the right knee"), and 912 (assessing Plaintiff on May 11, 2016, as "temporarily disabled with respect to the left hip")).  In particular, opinions that a claimant is disabled, "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination or decision of disability." 20 C.F.R. § 405.1527(d)(1).  Although the lack of a function-by-function assessment by a treating source may require remand for further development of the record, *see Lawrence v. Saul*, 2020 WL 5500535, at * 5 (W.D.N.Y. Sept. 11, 2020) (remanding with instructions that the ALJ re-contact physicians for clarification and more detailed function-by-function assessment of the claimant's limitations), nevertheless, because Dr. Liu's opinion does contain a function-by-function assessment of Plaintiff's limitation, no remand is required to develop the record by seeking clarification from Plaintiff's treating sources.  *Tankisi v. Comm'r of Soc. Sec.*, 521 Fed.Appx. 29, 34 (2d Cir. 2013) (no remand necessary where "the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity.")  Significantly, not only is the ALJ permitted to choose between conflicting evidence, *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.") (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)), but the consultative physician's report may constitute substantial evidence, *Camille v. Colvin*, 652 Fed.Appx. 25, 28 (2d Cir. 2016) ("[T]he opinion of a treating physician is not binding if it is contradicted by substantial evidence, and the report of a consultative physician may constitute such evidence."

(quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983)), and the Second

Circuit will "defer to the Commissioner's resolution of conflicting evidence."  *Cage v.*

*Commissioner of Social Security*, 692 F.3d 118, 122 (2d Cir. 2012).  In the instant case,

based on the record as a whole, the ALJ did not err in considering Plaintiff's subjective

complaints in assessing Plaintiff's RFC, which determination is supported by substantial

evidence in the record.  Accordingly, Plaintiff's argument that the ALJ failed to properly

consider Plaintiff's subjective complaints in determining her RFC is without merit.


## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 9) is DENIED; Defendant's Motion

(Dkt. 12) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.


/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:        September 28th, 2020
             Buffalo, New York


17